IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01164-BNB

ROBERT C. RYDING,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Robert C. Ryding, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the FCI Englewood in Littleton, Colorado. Mr. Ryding initiated the instant action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application and Traverse liberally because Mr. Ryding is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Although it is conclusive that Mr. Ryding has exhausted his administrative remedies, the Court may proceed to decide the merits of this action. 28 U.S.C. § 2254(b)(2); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding). For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Ryding complains that he is scheduled for release from the BOP on May 28, 2010, and that prison staff has informed him that he will not receive financial assistance other than the cost of an airline ticket at the time of his release. Mr. Ryding asserts that his residence is more than 100 miles from the nearest airport and he has no "ride" from the airport to his residence. Mr. Ryding also contends that the Unit Secretary at FCI Englewood has violated his rights under 18 U.S.C. § 3624 and failed to abide by BOP Program Statement 5873.06 (8.a. and c..) because he, along with the Unit Team refuse to provide him clothing and transportation funds. Finally, Mr. Ryding asserts that prison staff refused to make copies of the § 2241 Application that he filed with the Court as they are required to do under 28 C.F.R. § 543.11(g) and BOP Program Statement 1315.07(g). As relief, Mr. Ryding seeks appropriate funds for transportation, clothing, and any short-term emergency so he may arrive at his residence within the time constraints established by the BOP.

The terms of 18 U.S.C. § 3624(d) are as follows:

> (d) Allotment of clothing, funds, and transportation.–Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with–
>
> (1) suitable clothing;
>
> (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and
>
> (3) transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director.

The BOP also has promulgated 28 C.F.R. § 571.20 which provides as follows:

> It is the policy of the Bureau of Prisons that an inmate being released to the community will have suitable clothing, transportation to the inmate's release destination, and some funds to use until he or she begins to receive income. Based on the inmate's need and financial resources, a discretionary gratuity up to the amount permitted by statute may be granted.

The BOP manual for application of these provisions is the Program Statement cited by Applicant, P.S. 5873.06.

Upon review of § 3624(d), 28 C.F.R. § 571.20, and P.S. 5873.06, the Court finds that the BOP's decision regarding each released prisoner with respect to suitable clothing, amount of money, and transportation is discretionary. There is nothing in § 3624 to establish a property interest in the provision of transportation to his residence. Section 3624(d)(3) provides that Mr. Ryding may be provided transportation to his residence, to the place of his conviction or to another place as authorized by the Director. Mr. Ryding does not assert that the city where the airport is located does not meet one of the three destinations where he may be transported at the time of his release.

With respect to Mr. Ryding's argument that without an allocation of monies he is unable to secure transportation from the airport to his home and as a result may not arrive at his residence within the time constraints given to him form his release, Mr. Ryding in April 2010 had $130.00 deposited into his inmate account and in March had at least $105.00 deposited. During April, Mr. Ryding spent at least $130.00 in what appears to be commissary expenditures. As § 3624(d)(2) provides, the Director may determine that the prisoner's financial situation is such that no money should be

furnished. Nothing in § 3624(d)(2) and P.S. 5873.06 precludes the BOP from providing only an airline ticket to Mr. Ryding. Claims One lacks merit and will be denied.

Mr. Ryding alleges in Claim Two that prison staff failed to follow BOP P.S.5873.06. In *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." Nothing Mr. Ryding asserts in Claim Two rises to the level of a constitutional deprivation. As stated above, the prison staff's determination that Mr. Ryding will only receive an airline ticket to the airport 100 miles from his home is within the BOP's discretion under § 3624(d). Claim Two, therefore, lacks merit and will be denied.

Finally, if Claim Three states a violation of Mr. Ryding's constitutional rights, it is a challenge to the conditions of his confinement and more properly is raised in a civil complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) and to 28 U.S.C. 1331. Nonetheless, Mr. Ryding does not have a *per se* constitutional right to photocopies. To the extent that Mr. Ryding is asserting a possible denial of access to the courts claim, he must plead and prove he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis,* 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell,* 418 U.S. 539, 576 (1974); *Carper v. DeLand,* 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the

denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353. Mr. Ryding has failed to state an actual injury. Furthermore, as stated above, a failure to adhere to an administrative or federal regulation does not equate to a constitutional claim.

Based on the above findings, Mr. Ryding's claims lack merit. The Application, therefore will be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 28th day of May, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01164-BNB

Robert C. Ryding
Reg No. 36259-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

Robert C. Ryding
3802 Maple Lane
Tillamook, OR 97141

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/28/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk